**John McD. ROSS, Commissioner, Department of Revenue, Commonwealth of Kentucky, and James T. Lansden, Chairman, Earl R. Searcy, L. C. Coffey, Members, Kentucky Board of Tax Appeals, Commonwealth of Kentucky, Appellants,**

v.

**GREENE AND WEBB LUMBER COMPANY, INC., Appellee.**

Court of Appeals of Kentucky.

April 1, 1977.

As Modified On Denial of Rehearing July 8, 1977.

Discretionary Review Granted Oct. 24, 1977.

William S. Riley, Asst. Atty. Gen., Ky. Dept. of Revenue, Frankfort, Glenn McDonald, Louisville, for appellants.

Ronald G. Polly, Polly, Craft & Asher, Whitesburg, for appellee.

Before GANT, HAYES and VANCE, JJ.

HAYES, Judge:

The appellant, Kentucky Department of Revenue, assessed appellee, Greene and Webb Lumber Company, Inc., $5,438.40 in sales and use tax under KRS 139.170. The assessment was based on the appellee's purchase of certain items of equipment which the Department of Revenue contends do not qualify for exemption as machinery for new and expanded industry under KRS 139.480(8) and KRS 139.170.

Appellee is a Kentucky corporation conducting its business in Letcher County, Kentucky, as a sawmill and lumber yard. Some twenty-nine pieces of equipment were installed or used by the appellee in its business during the years, 1967, 1968 and 1969. Two items, an 120 volt guide line single block line attachment and some magnetic starters and breakers, were determined by the Board of Tax Appeals to be exempt from the sales and usage tax and therefore are not in contention here. Of the remaining twenty-seven items, the Letcher County Circuit Court found fifteen items exempt. The Kentucky Department of Revenue appeals from that finding.

The only testimony before the trial court was from Mr. Ivan Greene, owner. He listed the items in controversy and explained each as follows:

| ITEM | USE |
|---|---|
| 2. Pettybone Fork Lift | ". . . used to supply the mill with logs. Separates the logs on the yard and sends them to the mill." |
| 3. Caterpillar 950 Wheel Loader | "Used to supply logs to mill." |
| 4. Slab Conveyor | Used to remove "waste from debarking machine to burner." |

| ITEM | USE |
|---|---|
| 5. 2 Saw-Single Belt Tailer | Portable saw used to saw logs. |
| 13. Air Compressor | Supplies air to operate the carriage of the logs to the debarker. |
| 15. Main Dust Chain | ". . . conveys the dust into the conveyor that conveys it onto the burner." |
| 16. Conveyor Under Debarker | "Conveys waste into same channel which goes to refuse burner." |
| 17. Dust Conveyor | "Conveys waste to the burner." |
| 18. Dust Conveyor | "Conveys waste to the burner." |
| 20. 40' Industrial Burner | "Refuse burner which some of Conveyors carry waste to." |
| 21. Conveyor for Refuse Disposal | "Main conveyor which takes waste to the refuse burner. The smaller ones mentioned are lines into this main refuse disposal." |
| 22. Hanchett Filing Room Equipment | "Saw sharpening equipment." |
| 24. Knife Grinder & Wheel Dresser | "Sharpens the chipper knives that chip the slabs into pulp for the paper mills." |
| 28. Clark Highlift Truck and 29. Fork Lift Truck | "Removes the lumber when it is taken off the chain, piled in compact piles on little trolley buggies. These lifts remove the lumber, stack it into the stacking shed to be stacked in proper piles, they carry the lumber onto the yard." |

Greene's testimony revealed that the operation of the sawmill begins with the movement of logs from the yard stacks to a conveyor moving onto the debarker. The logs are squared and the slabs are conveyed to a chipper, which produces pulp chips. The squared logs are rough sawed and stacked for drying. Bark, unused slabs and dust are conveyed to a burner for disposal. Maintenance and repair of saws, chippers and equipment assures a continuous operation of the mill.

We believe that this sawmill operation is a "manufacturing process" as defined in *Commonwealth ex rel. Luckett v. WLEX–TV, Inc.*, Ky., 438 S.W.2d 520 (1969), and the appellant does not contend otherwise. The appellant argues that these items of machinery and equipment are not used directly in the manufacturing process under KRS 139.480(8) and therefore, are not exempt from the tax under KRS 139.170. We disagree and affirm the lower court's judgment.

In *Schenley Distillers Inc. v. Commonwealth ex rel. Luckett,* Ky., 467 S.W.2d 598 (1971), the court formulated the "integrated plant" theory in determining when the manufacturing process begins and when it ends. Applying the theory of *Schenley,* which concerned the bottling of whiskey, to the processing of logs to usable lumber, this court concludes that all the machinery in dispute in this case is "machinery used directly in the manufacturing process" within the meaning of KRS 139.480(8). The beginning product is a log and the end product is marketable rough-sawed lumber or pulp and the entire process occurs on the sawmill yard.

The judgment is affirmed.

All concur.