DEPARTMENT OF REVENUE, COMMONWEALTH OF KENTUCKY,
Appellant,

v.

COX MACHINERY COMPANY,
INC., Appellee.

and

COX MACHINERY COMPANY,
Cross-Appellant,

v.

DEPARTMENT OF REVENUE, COMMONWEALTH OF KENTUCKY,
Cross-Appellee.

Court of Appeals of Kentucky.

Dec. 31, 1982.

Discretionary Review Denied
June 8, 1983, in 82–CA–845–MR.

Nathan Goldman, Legal Services Div., Dept. of Revenue, Frankfort, for appellant.

Scott M. Powers, Newport, for appellee.

Before COOPER, HOGGE and HOWERTON, JJ.

COOPER, Judge.

This is an appeal and cross-appeal from a judgment of the circuit court affirming an order of the Kentucky Board of Tax Appeals. That order related to the amount of sales and use tax owed by the appellee. KRS 131.370. On appeal, the issue is whether such judgment is supported by substantial evidence. On review, we affirm in part and reverse in part.

In January of 1977, the appellant, Department of Revenue, Commonwealth of Kentucky, conducted an audit of the appellee, Cox Machinery Company, Inc., to assess additional sales and use tax with respect to the latter's expenditures. Thereafter, the appellant assessed the appellee a use and sales tax deficiency in the amount of $47,-172.20. After the resolution of some disputed items, the appellee appealed this deficiency to the Kentucky Board of Tax Appeals. The issues in that appeal, as defined by the Kentucky Board of Tax Appeals, were as follows:

(1) Whether a deduction for part of gross receipts received by a Kentucky Retailer should be permitted when a portion of the proceeds are subsequently transferred to a partner of the retailer;

(2) Whether certain items sold by appellant constituted the passage of title to the purchaser within Kentucky thereby prohibiting any exemption from the sales and Use Tax;

(3) Whether a crane and its accessories purchased and used by Appellant qualified for exemption from the use tax as 'machinery for new and expanded industry' under KRS 139.170.

Subsequent to the presentation of evidence, the Board issued findings of fact and an order, ruling in the appellee's favor on the second issue. Specifically, it held as follows:

... that the sales of various items of personal property made by Appellant under partnership arrangements with out of state sellers should be exempt from taxation in so far as they apply to the amounts paid by Appellant to the out of state seller, ... that the sales made by Appellant in the course of its business ... required passage of title to the purchaser within Kentucky and are therefore not exempt from the Kentucky Sales Tax ... that the crane and its accessories constitutes machinery for new and expanded industry and is therefore exempt from the Kentucky Use Tax ...

On appeal, the circuit court affirmed the order of the Board on all issues, stating that its findings of fact and order were supported by substantial evidence and correct interpretations of statutory law. It is from this judgment that the appellant appeals and the appellee cross-appeals.

Firstly, the appellant argues that the circuit court erred, as a matter of law, in upholding the order of the Board allowing the appellee to deduct portions of its gross sales receipts, when a portion of such receipts were subsequently transferred to an out-of-state partner. Specifically, it argues that the language of KRS 139.200 mandates a contrary result. We agree. This statute imposes a sales tax on "all retailers at the rate of five percent (5%) of the gross receipts of any retailer derived from 'retail sales' or 'sales at retail' made within this Commonwealth on and after April 1, 1968." The imposition of such tax is not conditional on whether all or a portion of such gross receipts are transferred to an out-of-state retailer. In effect, the retailer's liability for payment of the tax is absolute. KRS 139.050 defines gross receipts as follows:

(1) 'Gross Receipts' means the total amount of the sale, lease or rental price, as the case may be of, 'retail sales,' or

'sales at retail,' valued in money, whether received in money or otherwise . . .

KRS 139.260 presumes that all gross receipts are taxable. Clearly, the statutes in question impose the five percent tax on the gross receipts on all retail sales. Therefore, the appellee's argument that a portion of such receipts were paid to an out-of-state partner is irrelevant. As such, the Board and the circuit court erred, as a matter of law, in allowing the appellee to exempt sales of various personal property items from the sales and use tax on the basis that the proceeds from the sales were forwarded to out-of-state partners.

■ Secondly, the appellee and cross-appellant argue that the Board erred in imposing a sales and use tax on transactions involving an out-of-state purchaser, when the machinery in question was shipped to the purchaser under a common carrier. Reviewing the record below, we agree. Although the appellant argues that a sales and use tax on such transactions should be imposed in that title passed to the out-of-state purchaser within this Commonwealth, we do not believe that title alone determines whether the sales transaction was completed in this Commonwealth, and therefore subject to its tax. 103 K.A.R. 30:190 § 2 relating to sales in interstate commerce, provides as follows:

(2) The sales tax does not apply to gross receipts from sales in which the seller is obligated, under the terms of his agreement with the purchaser, to make physical delivery of the goods sold from a point in this state to a point outside of this state, not to be returned to a point within this state, provided that such delivery is actually made. The tax does not apply to gross receipts from sales in which the seller, under the terms of his agreement with the purchaser, delivers the goods by common carrier or by mail from a point in this state to a point outside the state not to be returned to a point within this state.

The regulation is not addressed to the passage of title. Although the appellant argues that under the Uniform Commercial Code, KRS 355.2–319, title to goods passes when the place of shipment is F.O.B., the question of title is not determinative as to when the sales and use tax is to be imposed. Stated differently, the Uniform Commercial Code deals with the question of title in setting forth priorities regarding the risk of loss between a purchaser and a seller, not with determining when a sales and use tax is to be imposed on a sales transaction. Consequently, we hold that the Board and the circuit court erred, as a matter of law, in imposing a sales and use tax on sales transactions involving out-of-state purchasers when the goods were shipped by a common carrier.

■ Finally, the appellant argues that the Board erred, as a matter of law, in finding that the crane and accessory equipment purchased by the appellee constituted "machinery for a new and expanded industry" as such term is defined in KRS 139.170. Reviewing the record below, we disagree. In ruling for the appellee, the Board reviewed the language of the Court in *Ross v. Green & Webb Lbr. Co., Inc.,* Ky., 567 S.W.2d 302 (1978), and *Department of Rev., Etc. v. Allied Drum Service,* Ky., 561 S.W.2d 323 (1978), in attempting to understand how the Courts have defined machinery used in the manufacturing process. The Board found that the crane and its accessories did constitute machinery for a new and expanded industry. Such a finding was supported by substantial evidence, and therefore cannot be disturbed on appeal.

The judgment of the circuit is affirmed on the question of whether the crane and its accessories purchased by the appellee constituted machinery for a new and expanded industry under KRS 139.170. The judgment is reversed on the gross receipts issue, in that under the language of KRS 139.200, sales tax must be imposed on all gross receipts regardless of whether a portion or all such receipts are transferred to an out-of-state partner. And, the judgment is reversed on the disallowance of an exemption from the sales and use tax on transactions involving out-of-state purchas-

ers when the goods are shipped by a common carrier F.O.B., the appellee's place of business. Such sales are exempt from sales and use tax. The circuit court is directed to enter a new judgment consistent with these holdings.

All concur.