**REVENUE CABINET COMMONWEALTH of KENTUCKY, Appellant,**

v.

**CARPENTER CONSTRUCTION COMPANY, INC., Appellee.**

No. 87–CA–001792–S.

Court of Appeals of Kentucky.

Aug. 5, 1988.

Discretionary Review Denied by Supreme Court Dec. 7, 1988.

Celia M. Dunlap, Legal Services Section, Revenue Cabinet, Frankfort, for appellant.

Robert L. Ackerson, Ackerson, Ackerson, Blandford and Kiser, Louisville, for appellee.

Before HOWERTON, C.J., and CLAYTON and DYCHE, JJ.

CLAYTON, Judge.

This case is before the court as the result of a Franklin Circuit Court judgment affirming the Kentucky Board of Tax Appeals. The circuit court and the Board held that Carpenter Construction Company, Inc. was not liable for sales and use taxes on four (4) pieces of equipment, used in road paving operations, which the company had purchased between 1978 and 1982. The ruling was based on KRS 139.480(8) which provides that machinery acquired for new and expanded industry would be exempt from sales and use tax. The Revenue Cabinet appeals. We affirm.

Carpenter Construction is in the business of paving roads. It is a Kentucky corporation doing business in the state. As part of its business enterprise, the company operates an asphalt plant in Jackson County. The asphalt is used exclusively by Carpenter Construction. During the period of 1978 to 1982 Carpenter Construction purchased four pieces of equipment to be used in the paving process. Since this equipment was for expansion of its business operation and did not represent replacement equipment, Carpenter Construction claimed the purchased equipment to be exempt from sales and use taxes. The Board of Tax Appeals agreed, as did the Franklin Circuit Court.

At issue is whether this equipment is used "directly" in the manufacturing process as KRS 139.170 requires. That statutory section defines the term "machinery for new and expanded industry" as it is to be used in KRS 139.480(8), the exemption statute. The term, according to KRS 139.-170,

> ... [S]hall mean machinery used directly in the manufacturing or processing production process ... which does not replace machinery....

The Revenue Cabinet argues that Carpenter Construction is in reality conducting two separate businesses, one being an asphalt manufacturing plant, the other a road paving business. On the basis of that analysis, the Revenue Cabinet contends that the true "manufacturing" process is concluded once the asphalt is produced. Since the purchased equipment was used only after the asphalt had been shipped and applied to the road surface, the Revenue Cabinet maintains that the equipment is not used "directly" in the actual manufacture of the asphalt, and thus the statutory exemption does not apply.

The circuit court and the Board of Tax Appeals ruled in Carpenter Construction's favor. Both decisions were based on a finding that the company's operation was a single business enterprise consistent with the "integrated plant theory" of business. This theory or approach has been ruled applicable in Kentucky for quite sometime and has been consistently reaffirmed. *Schenley Distillers, Inc. v. Commonwealth ex rel. Luckett*, Ky., 467 S.W.2d 598 (1971); *Ross v. Greene & Webb Lumber Co., Inc.*, Ky., 567 S.W.2d 302 (1978); *Dept. of Revenue v. Cox Machinery Co., Inc.*, Ky.App., 650 S.W.2d 261 (1982); *Rev. Cabinet, Com. v. Amax Coal Co.*, Ky., 718 S.W.2d 947 (1986).

In *Schenley Distillers, Inc. v. Commonwealth ex rel. Luckett, supra,* the Revenue Cabinet sought to tax a conveyor system used to move empty bottles. The argument was that this equipment was used preceding the actual manufacturing pro-

**132**

cess. The Kentucky Supreme Court held the equipment to be exempt since "[T]he conveyor system here involved, from beginning to end, is an integrated part of the production process and the first movement is as essential as the last." P. 600.

In *Ross v. Greene & Webb Lumber Co. Inc., supra,* some fifteen pieces of equipment were held to be "directly" involved in the manufacturing process at a sawmill. These pieces included conveyors to carry waste to burners, the burner itself, saw sharpening equipment, fork lifts and wheel loaders.[1] Although these pieces arguably are "collateral" to the manufacture of lumber, i.e., none of them actually cut logs into boards, the fact is that nonetheless this equipment is necessary and even essential to the actual day-to-day operations. As such, the Kentucky Supreme Court ruled them to be used "directly" in manufacturing and thus tax exempt.

In *Dept. of Revenue v. Cox Machinery Co. Inc., supra,* this Court ruled a crane and its accessories to fit into the tax exempt definition. Further, in *Revenue Cabinet, Com. v. Amax Coal Co., supra,* machinery used to control dust, to maintain "hauling" roads and equipment used to reclaim strip mined lands were all deemed to be used "directly" in the manufacturing process.

The pieces of equipment at issue in this case are a paver, two wheel rollers and a paver finisher. Carpenter Construction purchased these items in order to expand its road paving business and not as replacement equipment. The asphalt generated by Carpenter Construction's plant is used exclusively by Carpenter Construction and no other paving company. Without the plant, the pavers, etc., would be idle. The "integrated plant" theory was adopted in order to encourage new or expanded business by providing business with a competitive position. *Ross v. Greene & Webb Lumber Co., supra.* The record supports the circuit court and Tax Board's ruling

that Carpenter Construction's business is an "integrated enterprise" and thus the equipment is exempt.

The judgment of the Franklin Circuit Court is affirmed.

Further, pursuant to 2.(a) of the order designating the case as a special appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, is reinstated effective the date of this opinion.

All concur.

---

1. We refer the parties to *Ross v. Greene & Webb Lumber Co., Inc.,* Ky.App., 559 S.W.2d 163 (1977). That case involved the same facts and issues as the subsequent *Ross* case decided by

the Kentucky Supreme Court, but it describes in detail the equipment claimed as exempt by the sawmill and challenged by the Revenue Cabinet.